

# The Attorney General of Texas

December 30, 1983

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711· 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert D. Miller
Howard County Attorney
Room 205, Courthouse
Big Spring, Texas   79720

Opinion No. JM-121

Re:  Approval of maps or plats by city council or city planning commission under article 974a, V.T.C.S.

Dear Mr. Miller:

You have requested our opinion on several questions concerning a city's authority to extend its subdivision ordinance into approved subdivision plats within the city's extraterritorial jurisdiction [hereinafter ETJ]. You have asked what standards a city may or is required to adopt in its approval process of subdivision plats in the ETJ. You have also asked whether a city may adopt a different set of standards for subdivisions located within the ETJ as opposed to those located within the city limits and whether the city may adopt different standards within the ETJ itself for subdivisions depending upon the proximity of a subdivision to the corporate limits of the city. In your final question you ask whether a city may require a subdivision to be brought up to city standards as a condition for annexation or furnishing services to the area.

Many of your questions may be answered by article 6626a, V.T.C.S., as amended during the most recent legislative session. Acts 1983, 68th Leg., ch. 327, at 1717. This statute, formerly applicable only to counties under 190,000 population, controls the plat approval process and the ETJ for all counties with an exception not pertinent to your inquiry. We note that the former version of article 6626a was placed in the county road and bridge act without amendments. Acts 1983, 68th Leg., ch. 288, §2.402, at   1459. However, since chapter 327 is a later enactment of the same legislative session, we believe that it controls over the subdivision regulation provisions, sections 2.401 and 2.402, of the county Road and Bridge Act.

Article 6626a now provides in part as follows:

Sec. 1.  (a)  [applies to all counties]

(b)  The owner of any tract of land situated without the corporate limits of any city in the State of Texas, who may hereafter divide the same in two (2) or more parts for the purpose of laying

out any subdivision of any tract of land, or an addition without the corporate limits of any town or city, or for laying out suburban lots or building lots, and for the purpose of laying out streets, alleys, or parks, or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof, which shall accurately describe all of said subdivision or . . . giving the dimensions thereof of said subdivision or addition and the dimensions of all lots, streets, alleys, parks, or other portions of same, intended to be dedicated to public use or for the use of purchasers or owners of lots fronting thereon or adjacent thereto, provided, however, that no plat of any subdivision of any tract of land or any addition shall be recorded unless the same shall accurately describe all of said subdivision . . . .

Section 3 of article 6626a grants to the commissioners court the authority to adopt requirements for the streets right-of-way in subdivisions in addition to the "shoulder-to-shoulder" width. Section 3(e) grants the commissioners court the authority to adopt "reasonable specifications" for "road construction within the subdivision" and section 3(f) gives the county authority to adopt road drainage regulations. The subdivider may also be required to post a bond with a county in an amount not to exceed the estimated cost of road construction. Id. §3(g).

The commissioners court may refuse to approve a subdivision plat unless it meets with the county's subdivision road standards. Id. §4. Section 4A(a) is a new provision and specifically authorizes the county to sue for injunction and damages in the event that the county's road specification are violated. It also declares a violation of the regulations adopted by the commissioners court to be a class "B" misdemeanor.

Article 6626aa, V.T.C.S., is a new statute adopted this year. Acts 1983, 68th Leg., ch. 327, §2, at    1720. It provides in part in section 2 as follows:

In areas under a city's extraterritorial jurisdiction as defined by [article 970a] no plat shall be filed with the county clerk without the authorization of both the city and the county. Inside said extraterritorial jurisdiction, the city shall have independent authority to regulate subdivisions under [article 970a] and [974a] and other statutes applicable to cities; and the county shall have independent authority to

> regulate subdivisions under [article 6626a] and other statutes applicable to counties. Inside said extraterritorial jurisdiction whenever such city regulations conflict with such county regulations, the more stringent provisions of such regulations shall govern; and in unincorporated areas outside said extraterritorial jurisdiction city shall have no authority to regulate subdivisions or to authorize the filing of plats, except as provided by The Interlocal Corporation Act [article 4413 (32c)].

This new statute states that a city has authority to regulate subdivisions pursuant to articles 970a and 974a but that the city has no authority to regulate subdivisions outside of the city's ETJ. Article 970a, V.T.C.S., the Municipal Annexation Act, establishes the ETJ of the city of Big Spring at one mile. Id. §3(A)(2). Section 4 of the Municipal Annexation Act permits a city to extend its subdivision ordinance into its ETJ:

> The governing body of any city may extend by ordinance to all of the area under its extraterritorial jurisdiction the application of such city's ordinance establishing rules and regulations governing plats and the subdivision of land; provided, that any violation of any provision of any such ordinance outside the corporate limits of the city, but within such city's extraterritorial jurisdiction, shall not constitute a misdemeanor under such ordinance nor shall any fine provided for in such ordinance be applicable to a violation within such extra-territorial jurisdiction. However, any city which extends the application of its ordinance establishing rules and regulations governing plats and the subdivision of land to the area under its extraterritorial jurisdiction shall have the right to institute an action in the district court to enjoin the violation of any provision of such ordinance in such extraterritorial jurisdiction, and the district court shall have the power to grant any or all types of injunctive relief in such cases.

Article 974a, V.T.C.S., on the other hand, provides for city plat approval of subdivisions within five miles of the city limits. Section 1 of article 974a requires developers of subdivisions within five miles of a city's corporate limits to prepare a plat for city approval. Section 4 of the statute provides that the city must approve a subdivision plat within five miles if the subdivision

conforms to the city's general growth plan.  The section provides in full as follows:

> If such plan or plat, or replat shall conform to the general plan of said city and its streets, alleys, parks, playgrounds, and public utility facilities, including those which have been or may be laid out, and to the general plan for the extension of such city and of its roads, streets, and public highways within said city and within five miles of the corporate limits thereof, regard being had for access to and extension of sewer and water mains and the instrumentalities of public utilities, and if same shall conform to such general rules and regulations, if any, governing plats and subdivisions of land falling within its jurisdiction as the governing body of such city may adopt and promulgate to promote the health, safety, morals or general welfare of the community, and the safe, orderly and healthful development of said community (which general rules and regulations for said purposes such cities are hereby authorized to adopt and promulgate after public hearing held thereon), then it shall be the duty of said City Planning Commission or the governing body of such city, as the case may be, to endorse approval upon the plat, plat or replat submitted to it.

Section 4, to simply paraphrase, requires the city to approve a subdivision plat if it is in harmony with the city's subdivision ordinance.  Article 6626 also provides for municipal approval of subdivision plats within five miles of the corporate limits of any municipality.  The five mile range for city approval of subdivision plats contained in articles 6626 and 974a is not explicitly repealed by the new statute, article 6626aa.  However, we believe that the five mile range is impliedly repealed and a city may not exercise any plat approval authority outside of its extraterritorial jurisdiction which for some cities may be less than five miles.  Article 6626aa explicitly states that outside of the ETJ a city has no authority to regulate subdivisions or to approve plats.

We believe that a city is not authorized to adopt a lesser set of standards for the approval of subdivisions within the city's ETJ.  Article 970a provides for the extension of the city's subdivision ordinance.  Regardless of whether a city has extended its subdivision ordinance or not into its ETJ, article 974a requires a city to approve any subdivision plat therein if it conforms to the city's "general plan" for streets, parks, utilities, and the like, and also if the subdivision plat conforms to the

> general rules and regulations, if any, governing
> plats and subdivisions of land falling within its
> jurisdiction as the governing body of such city
> may adopt and promulgate.

Id.   Any rules that a city adopts concerning the approval of subdivision plats must relate to the promotion of the "health, safety, morals or general welfare of the community, and the safe, orderly and healthful development of said community." Id.  Obviously, this is a broad grant of authority.

Our determination that a city may not adopt different standards for subdivision plat approval in the ETJ makes it unnecessary to answer your inquiry concerning the authority of a city to require the subdivision to be brought up to standards before annexation.

## S U M M A R Y

> A city may approve or disapprove subdivision
> plats within that city's extraterritorial
> jurisdiction established under article 970a if the
> plats conform to the city's subdivision ordinance.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton